DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFREY J. PROSSER, | ) | Chapter 7 |
| | ) | Case No. 06-30009 (JKF) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| ROBERT F. CRAIG, P.C., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Adv. No. 2008-03051 (JKF) |
| | ) | |
| GREENLIGHT CAPITAL QUALIFIED, | ) | D.C. App. Civil No. 2009-109 |
| L.P., GREENLIGHT CAPITAL, L.P., | ) | |
| and GREENLIGHT CAPITAL OFFSHORE, | ) | |
| LTD., | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

ATTORNEYS:

**Lawrence H. Schoenback, Esq.**
New York, NY
**Robert F. Craig, Esq.**
Omaha, NE
**Jeffrey B. C. Moorhead**
St. Croix, U.S.V.I.
    *For the appellant*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
**Thomas J. Allingham, II, Esq.**
Wilmington, DE
    *For the appellee.*

**Bernard C. Pattie, Esq.**
Christiansted, U.S.V.I.
**Yann Geron, Esq.**
**Samuel H. Israel, Esq.**
**Fred Stevens, Esq.**
New York, NY
    *For the Chapter 7 Trustee.*

*In re Prosser*
D.C. App. Civil No. 2010-109
Memorandum Opinion and Order
Page 2

<u>**MEMORANDUM OPINION AND ORDER**</u>

**GÓMEZ, C.J.**

Before the Court is the appeal of Robert C. Craig, P.C.,
from the bankruptcy court's July 31, 2009, Order dismissing the
underlying adversary proceeding.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On January 9, 2006, the Delaware Chancery Court granted
judgment in favor of Greenlight Capital Qualified, L.P.,
Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd.
(collectively, "Greenlight"), and against, among others, Jeffrey
Prosser ("Prosser"), in the principal amount of approximately
$56 million plus retroactive interest from 1998 (the "Delaware
Judgment"). On January 20 and January 27, 2006, Greenlight
recorded the Delaware Judgment in New York and Florida,
respectively. Greenlight thereby obtained judgment liens on
Prosser's property in those states (the "Judgment Liens").

On February 10, 2006, Greenlight filed an involuntary
Chapter 11 petition against Prosser. The bankruptcy court
subsequently appointed Steven A. Felsenthal ("Felsenthal") the
Chapter 11 Examiner.

On October 3, 2007, the bankruptcy court converted
Prosser's Chapter 11 bankruptcy into a Chapter 7 bankruptcy.

*In re Prosser*
D.C. App. Civil No. 2010-109
Memorandum Opinion and Order
Page 3

James P. Carroll ("Carroll") was thereafter appointed the Chapter 7 Trustee.

Robert F. Craig, P.C. (the "Craig Firm"), is a law firm based in Omaha Nebraska. It has represented Prosser throughout these bankruptcy proceedings. It also holds an administrative claim against the Prosser Estate for services provided while Prosser was in Chapter 11 Bankruptcy.

On September 16, 2008, the Craig Firm requested that Carroll commence an adversary proceeding to avoid the Judgment Liens as preferential transfers. On September 28, 2008, Felsenthal made a similar request. Carroll analyzed the Judgment Liens. He concluded that the liens did not give rise to preferential transfer claims. He also concluded that the litigation would be more costly than beneficial to the estate. Caroll's conclusions were included in a report. The report was circulated among the creditors, as well as the Craig Firm and Felsenthal.

On October 2, 2008, the Craig Firm commenced the underlying adversary proceeding in its own name. The Craig firm moved for authority *nunc pro tunc* to pursue the preference claims on behalf of the bankruptcy estate. On November 17, 2008, the bankruptcy court denied the Craig Firm's motion for authority *nunc pro tunc*. The bankruptcy court noted that the Craig Firm

had represented Prosser against the creditors in other
proceedings. As a consequence, the bankruptcy court concluded
that the Craig Firm was not an appropriate representative of the
estate in the adversary proceeding because it had a conflict of
interest. The bankruptcy court then ordered that the adversary
proceeding would be dismissed if an appropriate representative
did not come forward within sixty days.

On December 12, 2008, Felsenthal moved to replace the Craig
Firm as the plaintiff in the adversary proceeding. No other
party came forward. On July 31, 2009, the bankruptcy court held
that Felsenthal was not an appropriate representative of the
estate because he had previously been the Chapter 11 examiner.
The bankruptcy court then dismissed the adversary proceeding
because there was no estate representative to prosecute it.

Thereafter, the Craig Firm initiated this appeal. The Craig
Firm asserts seven issues: (I) whether the bankruptcy court
erred in dismissing the adversary proceeding; (II) whether the
bankruptcy court erred in concluding that the Craig Firm was not
an appropriate representative of the bankruptcy estate; (III)
whether the Bankruptcy Court erred in holding there is a
conflict of interest between Prosser and the bankruptcy estate
with respect to avoidance actions; (IV) whether the bankruptcy
court erred in holding that the Craig Firm's representation of

*In re Prosser*
D.C. App. Civil No. 2010-109
Memorandum Opinion and Order
Page 5

Prosser disqualified it from prosecuting the adversary proceeding; (V) whether the bankruptcy court erred in holding that sections 321(b) and 327(f) of the Bankruptcy Code prohibited Felsenthal from prosecuting the adversary proceeding; (VI) whether the bankruptcy court erred in holding that granting derivative standing to Felsenthal would violate section 321(b); and (VII) whether the bankruptcy court erred in concluding that neither the Craig Firm nor Felsenthal could prosecute the adversary proceeding as administrative claimants.

Felsenthal has not appealed the bankruptcy court's order.

Greenlight and Carroll filed reply briefs asserting there was no error in the proceedings below.

## II. JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to review the "final judgments, orders, and decrees" of bankruptcy courts pursuant to section 158(a) of Title Twenty-Eight of the United States Code.[1] The Court will review the bankruptcy court's findings of fact for clear error and will exercise plenary review over questions of law. *In re Barbel*, Civ. No. 01-221 (RLF) 2004 U.S. Dist. LEXIS 19417, at *2 (D.V.I. Sept. 21, 2004) ("A district court reviews

---

[1] 28 U.S.C. § 158(a) provides: "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a).

*In re Prosser*
D.C. App. Civil No. 2010-109
Memorandum Opinion and Order
Page 6

the Bankruptcy Division's conclusions of law *de novo* but may only review findings of fact that are clearly erroneous." (citing Fed. R. Bankr. P. 8013; *In re Excalibur Auto. Corp.*, 859 F.2d 454, 457 (7th Cir. 1988)), *aff'd* 183 Fed. App'x 227 (3d Cir. 2006). "[A] bankruptcy court's exercise of its equitable power is reviewed only for an abuse of discretion." *In re Mou San Rim*, Civ. No. 10-1066 (DMC), 2010 U.S. Dist. LEXIS 117458, at *3–4 (D.N.J. Nov. 3, 2010).

## III. DISCUSSION

### A. Standing

Standing to bring a bankruptcy appeal "is limited to 'persons aggrieved' by an order of the bankruptcy court." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214 (3d Cir. 2004) (quoting *GM Acceptance Corp. v. Dykes (In re Dykes)*, 10 F.3d 184, 187 (3d Cir. 1993). "[T]he 'persons aggrieved' test [is] a prudential standing requirement that limits bankruptcy appeals to persons 'whose rights or interests are "directly and adversely affected pecuniarily" by an order or decree of the bankruptcy court.' " *Id.* (quoting *GM Acceptance*, 10 F.3d at 187 (quoting *In re Fodiller*, 707 F.2d 441, 443 (9th Cir. 1983))). "Appellate standing in the bankruptcy context is more restrictive than Article III standing, which 'need not be financial and need only be "fairly traceable" to the alleged

illegal action.' " *Id.* at 215 (quoting *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3d Cir. 1995)). This stringent standing requirement "rests on the 'particularly acute need to limit appeals in bankruptcy proceedings, which often involve a "myriad of parties indirectly affected by every bankruptcy court order." ' " *Id.* (quoting *Travelers*, 45 F.3d at 741) (quoting *Kane v. Johns-Mansville Corp.*, 843 F.3d 636, 642 (2d Cir. 1988))). "Standing is not dispensed in gross, but rather is determined by the specific claims presented." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996); *Int'l Primate Prot. League v. Adm'r of Tulane Educ. Fund*, 500 U.S. 72, 77 (1991)). "[W]hether someone is a 'person aggrieved' is . . . a question of fact to be determined by the district court . . . ." *Travelers*, 45 F.3d at 742.

**B. <u>Derivative Standing to Prosecute Adversary Proceedings</u>**

In Chapter 11 bankruptcies, "[i]f a trustee unjustifiably refuses a demand to bring an action to enforce a colorable claim of a creditor, the creditor may obtain the permission of the bankruptcy court to bring the action in place of, and in the name of, the trustee . . . ." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel Cybergenics Corp. v. Chinery*, 330 F.3d 548, 566-67 (3d Cir. 2003) (quoting *Fogel v. Zell* 221 F.3d 955, 955 (7th Cir. 2000)).

*In re Prosser*
D.C. App. Civil No. 2010-109
Memorandum Opinion and Order
Page 8

In *Official Committee of Unsecured Creditors of Cybergenics Corp. ex rel Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit held that "derivative standing" may extend to Chapter 11 creditors committees. *Id.* at 567. In that case, the Third Circuit found that the bankruptcy statute neither requires nor disallows derivative standing. *Id.* However, a bankruptcy court has equitable powers which are intended to be used "to craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Id.* at 568. Thus, a bankruptcy court, acting pursuant to its equitable powers, may confer derivative standing on a third party. *Id.*

Although the Third Circuit has not addressed derivative standing in Chapter 7 cases, "other courts have permitted individual creditors to bring derivative avoidance actions where the Trustee declined to do so." *In re Mou San Rim*, Civ. No. 10-1066 (DMC), 2010 U.S. Dist. LEXIS 117458, at *6 (D.N.J. Nov. 3, 2010) (citing *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair, Inc. (In re Trailer Source)*, 555 F.3d 231, 243–44 (6th Cir. 2009) (finding that "there is no textual support in the Code for drawing such a distinction between Chapter 7 and Chapter 11 contexts" and that "there are substantial policy reasons for allowing derivative standing in Chapter 7

*In re Prosser*
D.C. App. Civil No. 2010-109
Memorandum Opinion and Order
Page 9

proceedings"); *PW Enters., Inc. v. N.D. Racing Comm'n (In re*

*Racing Servs., Inc.)*, 540 F.3d 892, 898 (8th Cir. 2008) (holding

that "derivative standing is available to a creditor to pursue

avoidance actions when it shows that a Chapter 7 trustee . . .

is 'unable or unwilling' to do so"); *In re Sandhill, Inc.*, 304

B.R. 692, 694 (E.D.Pa. 2004) ("[W]e frankly cannot imagine that

the Third Circuit would employ a different rationale in a

Chapter 7 matter [than it did in *Cybergenics*].")).

## IV. <u>ANALYSIS</u>

### A. <u>Standing to Assert Felsenthal's Claims</u>

The Craig Firm asserts that the bankruptcy court erred in

denying Felsenthal derivative standing to pursue the adversary

proceeding below. As a threshold matter, the Court must first

determine whether the Craig Firm has standing to appeal this

issue.

To have standing to appeal, persons aggrieved "must show

the order of the bankruptcy court 'diminishes their property,

increases their burdens, or impairs their rights.' " *Combustion*

*Eng'g*, 2004 (quoting *In re PWS Holding Corp.*, 228 F.3d 224, 235

(3d Cir. 2000). Accordingly, the Third Circuit has "denied

standing to parties involved in bankruptcy proceedings 'who,

even though they may be exposed to some potential harm incident

*In re Prosser*
D.C. App. Civil No. 2010-109
Memorandum Opinion and Order
Page 10

to the bankruptcy court's order, are not "directly affected" by
that order.' " *Id.* (quoting *Travelers*, 45 F.3d at 741).

     In *Travelers Ins. Co. v. H.K. Porter Co., Inc.*, 45 F.3d
737, (3d Cir. 1995), the Third Circuit considered whether an
insurer of a debtor was a person aggrieved. In that case,
creditors withdrew many of their claims because of the limited
assets of the debtor's estate. *Id.* at 740. Upon discovering that
the debtor held a number of insurance policies that might cover
the creditors' claims, the bankruptcy court permitted the
creditors to reinstate their claims. *Id.* Travelers Insurance
Company ("Travelers"), one of the insurers of the debtor,
appealed the bankruptcy court's decision. *Id.*

     The Third Circuit held that Travelers lacked standing to
challenge the order on appeal. *Id.* at 741. The Third Circuit
reasoned that "Travelers' potential exposure is doubly removed,
turning both on the success of the [creditors] in their
prosecution of claims against [the debtor], and on a judicial
determination that the policy issued by Travelers covers the
claims . . . ." *Id.* at 742. Thus, Travelers interest was too
remote and too contingent for it to have been "directly
affect[ed]" by the bankruptcy court's order. *Id.*

     Here, the Craig Firm appeals the bankruptcy court's
determination that Felsenthal was not an appropriate

representative. The Craig firm argues that it is entitled to
appeal this determination because it seeks "reinstatement of the
adversary proceeding in which it is the named Plaintiff."
Appellant's Reply Br. 8. Although it was the named plaintiff,
the Craig Firm's role in the adversary proceeding would have
been to represent Prosser's estate. If the Craig Firm or
Felsenthal had prevailed in the adversary proceeding, the result
would have been the avoidance of a transfer from the estate to
Greenlight.

 The Craig Firm is not a creditor of Prosser. The Craig
Firm's only claimed interest in the outcome of the adversary
proceeding is the possibility that it might be entitled to
administrative fees. Thus, as in *Travelers*, the Craig Firm's
interest is remote. It could only be affected by the denial of
derivative standing to Felsenthal if Felsenthal prevailed in the
adversary proceeding. Even then, there would still have to be a
separate determination that the Craig Firm was entitled to fees.
Thus, the Craig Firm's interests are not directly and adversely
impacted by the denial of derivative standing to Felsenthal.

 Moreover, the bankruptcy court's decision that Felsenthal
was not an appropriate representative rests on the fact that
Felsenthal previously served as the Chapter 11 examiner. This
determination is wholly independent and unrelated to the

*In re Prosser*
D.C. App. Civil No. 2010-109
Memorandum Opinion and Order
Page 12

bankruptcy court's denial of derivative standing to the Craig
Firm, which was predicated on the existence of a conflict of
interest. The Craig Firm's rights were not affected by the
denial of standing to Felsenthal. Thus, the Craig Firm is
without standing to appeal the denial of derivative standing to
Felsenthal.[2]

## B. Whether the Bankruptcy Court Abused Its Discretion in Denying the Craig Firm Derivative Standing

The bankruptcy court denied derivative standing to the
Craig Firm because it was not a creditor and because it had a
conflict of interest due to its representation of Prosser in
prior proceedings against the creditors.

The Third Circuit in *Cybergenics* did not set forth criteria
for when a bankruptcy court should employ its equitable powers
to grant derivative standing. However, the Third Circuit did
note that such powers are "most valuable" when employed "to
craft flexible remedies that, while not expressly authorized by
the Code, effect the result that the Code was designed to
obtain." 330 F.3d at 568. The Third Circuit recognized that

---

[2] Indeed, if Felsenthal wished to have the bankruptcy court's July 31,
2009, denial reviewed he was obligated to file a Notice of Appeal by August
25, 2009. *See* Fed. R. Bankr. P. 8002 (providing that notices of appeal must
be filed within fourteen days of the filing of a notice of appeal by another
party). He chose not to. While the Craig Firm may disagree with the
bankruptcy court's decision regarding Felsenthal, the law does not view the
Craig Firm as a person aggrieved in that matter or as a surrogate for
Felsenthal.

*In re Prosser*
D.C. App. Civil No. 2010-109
Memorandum Opinion and Order
Page 13

there is a "need to channel avoidance actions through the trustee, who acts as a gatekeeper and prevents independent avoidance actions by creditors that might prejudice the estate and rival creditors." *Id.* However, "when the trustee is delinquent," the bankruptcy court should "substitute *itself* as gatekeeper . . . and . . . allow a creditors' committee to pursue an avoidance action *for the estate's direct benefit* rather than its own." *Id.* at 568-69.

In *Official Committee of Unsecured Creditors ex rel. Valley Media, Inc. v. Cablevision Systems Corp. (In re Valley Media)*, Chapter 11 Case No. 01-11353 (PJW), Adv. Proc. No. 02-04553, 2003 Bankr. LEXIS 940 (D. Del. Aug. 14, 2003), the bankruptcy court granted derivative standing to a creditors committee when the debtor-in possession was unable to proceed with an avoidance action. *Id.* at *7. There, the debtor could not initiate an adversary proceeding because debtor's counsel had a conflict of interest arising from their relationship with some of the opposing parties. *Id.* at *2-*3. The bankruptcy court granted derivative standing because "but for the conflict of interest of Debtor's counsel, Debtor would have brought this adversary proceeding itself." *Id.* at *8.

*In re Prosser*
D.C. App. Civil No. 2010-109
Memorandum Opinion and Order
Page 14

Here, the bankruptcy court denied derivative standing because of a conflict of interest. Rule 1.7 of the American Bar Association Model Rules of Professional Conduct provides

> [A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>> (1) the representation of one client will be directly adverse to another client;
>>
>> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer responsibilities to another client, a former client or a third person by a personal interest of the lawyer.

MODEL RULES OF PROF'L CONDUCT R. 1.7(a) (1983).

The bankruptcy court found that the Craig firm could not prosecute the adversary proceeding because it is simultaneously representing Prosser in litigation against the estate:

> For purposes of illustration, the following is a non-exhaustive list of several of the matters in which this conflict of interest is evident: Adv. No. 08-3011, initiated by the Chapter 7 Trustee, seeking the denial of Jeffrey Prosser's discharge on the basis of (I) transferring and concealing property, (II) failing to keep recorded information, (III) fraudulently making false oaths, (IV) failing to explain a loss of assets, (V) failure to obey court orders, and (VI) committing bad acts in connection with related cases; Adv. No. 07-3010, a turnover action, in which the Trustee is co-plaintiff, and the defendants include the debtor and certain of his family members; and exemption litigation, in which the Trustee, among others, objected to Prosser's claimed exemptions, Case No. 06-30009, Doc. No. 1343.

Bankr. Ct.'s Op. of July 31, 2009, 8 n.17.

*In re Prosser*
D.C. App. Civil No. 2010-109
Memorandum Opinion and Order
Page 15

The Craig Firm argues that its stance in the above-referenced cases is irrelevant, because this adversary proceeding is against Greenlight, not the Trustee or the estate. However, the goal of derivative standing is to ensure avoidance actions are pursued for the estate's direct benefit. *Cybergenics*, 330 F.3d at 568–69. Although the Craig Firm would nominally be representing itself in the adversary proceeding, its ultimate role in this case would be to represent the estate. The Craig Firm represents Prosser against the estate in a number of matters in this litigation. Moreover, these cases involve disputes about what property should be part of the estate and liable to the claims of creditors. Thus, there appears to be a significant risk that the representation of the estate in this proceeding would be materially limited by the Craig Firm's obligations to Prosser. The denial of derivative standing based on these findings was therefore not an abuse of the bankruptcy court's discretion.[3]

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court will affirm the portion of the bankruptcy court's July 31, 2009, Order denying

---

[3] The Bankruptcy Court also determined that, but for the conflict of interest, the Craig Firm could have prosecuted the adversary proceeding even though it was not a creditor. Because we hold that the Bankruptcy Court was within its discretion to deny derivative standing on the basis of the conflict of interest, it is unnecessary to reach this issue.

*In re Prosser*
D.C. App. Civil No. 2010-109
Memorandum Opinion and Order
Page 16

the Craig Firm derivative standing. Since Felsenthal has waived

his right to appeal and the Craig Firm lacks standing to assert

Felsenthal's claims, the remainder of this appeal will be

dismissed.

      **ORDERED** that the portion of the bankruptcy court's July 31,

2009, Order denying derivative standing to the Craig Firm is

**AFFIRMED**; and it is further

      **ORDERED** that the Craig Firm's appeal of Felsenthal's claims

is **DISMISSED;** and it is further

      **ORDERED** that the Clerk of the Court shall close this case.


S\_____
        **Curtis V. Gómez**
         **Chief Judge**